UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Chris Doop,<br><br>        Petitioner,<br>v.<br><br>Steven B. Wolfson, et al.,<br><br>        Respondents. | Case No. 2:23-cv-0123-JAD-EJY<br><br>**Order Dismissing Habeas Petition without Prejudice and Closing Case**<br><br>[ECF Nos. 1, 1-1, 3] |

*Pro se* Petitioner Chris Doop filed this 28 U.S.C. § 2241 petition for writ of habeas corpus,[1] seeking federal review related to his ongoing state criminal case and pretrial detention. Doop applies to proceed *in forma pauperis*,[2] and with good cause appearing I grant his application. But on initial review under the Habeas Rules,[3] I find that Doop's claims are unexhausted and that federal abstention is required, so I dismiss his petition without prejudice.

### Background[4]

In December 2020, the Clark County District Attorney filed an information in the Eighth Judicial District Court for Clark County, charging Doop with robbery with use of a deadly weapon. Doop pled not guilty in that still-pending state case, *State of Nevada v. Christopher Doop*, Case No. C-20-352580-1, and a jury trial is set for April 10, 2023. The state district court granted Doop's request to represent himself in November 2022. A search of the Nevada state appellate courts' docket reflects that Doop filed a notice of appeal in January 2023 that also remains pending before the Nevada Supreme Court.

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] "Habeas Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts.

[4] The procedural history in this section is derived from Doop's allegations and his criminal matters in the Eighth Judicial District Court for Clark County. I take judicial notice of the online docket records of the state district court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

In his petition for federal habeas relief, Doop alleges that (1) the state district court violated his right to self-representation, (2) body camera footage can't be retrieved, (3) the state district court would not hear his state writ of habeas corpus, (4) the State did not meet its evidentiary requirement at the preliminary hearing, and (5) the State is committing perjury in violation of his due-process rights.[5] Doop filed his petition on a § 2241 form from the Eastern District of Louisiana, which is the wrong form because Doop is not detained in that jurisdiction.[6]

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[7] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false[8], or plagued by procedural defects.[9] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[10]

A claim remains unexhausted until the petitioner has raised it through one complete round of either direct appeal or collateral proceedings to the highest state court level of review.[11] To properly exhaust state remedies, a petitioner must "present the state courts with the same claim he urges upon the federal court."[12] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal

---

[5] ECF No. 1-1.
[6] Local Rule LSR 3-1.
[7] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).
[8] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).
[9] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).
[10] *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).
[11] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).
[12] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

claim is based.[13] The claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."[14]

Doop has not properly and fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas petition to the state district court, much less the Nevada appellate courts. Dismissal of Doop's federal habeas petition is appropriate on this basis alone. Even if I found that Doop had exhausted his claims, he seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[15] The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[16] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[17] Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case.[18]

This case does not present extraordinary circumstances. Doop challenges the prosecution's actions, alleged errors of the state district court, and his pretrial detention related to his pending state criminal proceeding. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Doop's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including

---

[13] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

[14] *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[15] *E.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

[16] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[17] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[18] *Younger*, 401 U.S. at 46.

the most fundamental right to liberty—in a pending criminal prosecution.  In addition, Doop's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights.  Because he faces no extraordinary or irreparable injuries, federal abstention is required.  The charges against Doop are still pending, so dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.[19]

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Doop's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that Doop's petition for writ of habeas corpus **[ECF No. 1-1] is DISMISSED without prejudice.**

IT IS FURTHER ORDERED that Doop's motion in support of petition for writ of habeas corpus **[ECF No. 3] is DENIED as moot.**

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated:  February 16, 2023

---

[19] Doop has filed two prior § 2241 petitions for writ of habeas corpus in this court that were dismissed for similar reasons. *See Doop v. Wolfson*, Case No. 2:22-cv-00440-JAD-DJA; *Doop v. Clark County Detention Center*, Case No. 2:23-cv-00063-RFB-EJY.